IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cleveland Grigsby, Jr., | Case No. 3:10 CV 2205 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Terry Collins, et al., | |
| Defendants. | |

*Pro se* Plaintiff Cleveland Grigsby, Jr. filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), former ODRC Director Terry Collins, current ODRC Director Ernie Moore, ODRC Chief Inspector Gary Croft, Allen Correctional Institution ("ACI") Warden Jesse Williams, ACI Institutional Inspector Edward Dunn, ACI Unit Manager Cynthia Zwiebel, and ACI Unit Manager Administrator Brooke Featheringham (Doc No. 1). In the Complaint, Plaintiff alleges he was not permitted to keep all of his legal materials after his transfer to another institution. He seeks monetary and injunctive relief. Plaintiff has also filed a Motion for Appointment of Counsel (Doc. No. 3).

## BACKGROUND

Plaintiff states he was transferred from the Lebanon Correctional Institution ("LCI") to ACI on October 5, 2009. All of his personal and legal property was transferred with him. Ohio prisoners may not possess more than 2.4 cubic feet of combined legal and personal property, excluding bedding, coats, jackets, shoes, and large items such as televisions. OHIO ADMIN. CODE § 5120-9-33(B). The prison may permit inmates to store pleadings, motions, judgements, and transcripts pertaining to

active cases if those documents exceed the space limitations. Ohio Dep't of Rehab. and Corr. Regulation § 59-LEG-01. General legal materials such as law books, form books, photocopies of research materials, blank legal forms, and stationary however must fit within the 2.4 cubic foot box provided to the inmates. *Id.* Although Plaintiff was given additional storage at LCI, he was not permitted to retain all his materials at ACI.

Soon after Plaintiff arrived at ACI, Zwiebel ordered him to mail home, donate, or destroy his legal books that did not fit in the 2.4 cubic foot box. Plaintiff argued he needed everything in his box because it was essential to his criminal case as well as litigation pertaining to his son. He claimed the law books were necessary as reference and research guides. Zwiebel did not relent, and Plaintiff mailed the books and materials to his mother. He filed grievances contesting the decision, but each one was denied. Plaintiff asserts he was denied access to the courts.

## **ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

This is Plaintiff's second attempt to bring these claims before the Court. In September 2010, Plaintiff filed *Grigsby v. Collins,* Case No. 3:10 CV 2204-DAK (N.D. Ohio 2010), alleging the same facts and asserting the same claims against the Defendants named in this action. The September 2010 case was dismissed on its merits. Plaintiff has now filed a second action based on the same set of facts and asserting the same claims for relief.

The doctrine of *res judicata* precludes a party that has received a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have, or could have, been raised in the previous action. *Id*. This doctrine promotes the finality of judgments, discourages multiple litigation, and conserves judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if the facts supporting the claims and the evidence necessary to sustain each action are the same. Both of these requirements are met in this case. Plaintiff has raised the same claims for relief and submitted substantially the same arguments in support of his claims. *Compare Grigsby v. Collins,* Case No. 3:10 CV 2204 (N.D. Ohio 2010), *with Grigsby v. Collins,* Case No. 3:10 CV 2205 (N.D. Ohio 2010). Plaintiff is therefore precluded from litigating this matter for a second time.

## CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1) is dismissed under 28 U.S.C. § 1915(e). In light of the dismissal of the Complaint, Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 22, 2011